

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 18-CR-30004 |
| ) | Violation: Title 26, U.S. Code, Section 7206(1). |
| Plaintiff, ) | |
| v. ) | |
| GREGG HARWOOD, ) | |
| Defendant. ) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### 26 U.S.C. § 7206(1)
### (Filing A False Federal Tax Return)

At all times material to this Information:

1. Defendant **GREGG HARWOOD** was a resident of Springfield, Illinois and an owner/shareholder of Thermionics Corporation (Thermionics), which was founded in 1990 and in which he purchased the shares of stock in 1991. Thermionics was a C-Corporation that manufactured hot/cold pain therapy products that were sold at major retailers and pharmacies across the United States.

2. Prior to 2007, Defendant **HARWOOD** earned income from Thermionics, consisting of wages and royalties. All payments for wages and royalties were made

payable to Defendant **HARWOOD** and reported on his Individual Federal Income Tax return Form 1040.

3. Beginning in approximately November 2007, Defendant **HARWOOD** created various multi-level entities with no legitimate business purpose, which he used to divert and disguise income he received from Thermionics. These entities included TUV Company, LLC (TUV), and Vanguard Royalty Group, LLC (Vanguard). Defendant **HARWOOD** caused TUV and Vanguard, in turn, to be owned by additional entities, also with no legitimate business or economic purpose, including Will Call, LLC, Corsair Financial Group, Corsair Holdings Group, LLC, Antioch Partners, LLC, Gregg Harwood IRA Trust, and Paula Harwood IRA Trust.

4. From 2008 to 2010, Defendant **HARWOOD** caused income he earned from Thermionics to be diverted or paid directly to TUV and Vanguard, which, he, in turn, caused to further divert income to the additional entities that owned TUV and Vanguard. In addition, he caused one or more of the entities within this multi-entity structure to deduct his personal expenses as business expenses. One of the purposes for the entity structure established by Defendant **HARWOOD,** and the diversion of income he conducted through that structure, was to cause, with respect to such diverted income, no tax liability to be assessed to or paid by him or any entity he owned or controlled. Defendant **HARWOOD** then used the resulting tax free income to support his personal lifestyle.

5.  For the years 2008, 2009, and 2010, Defendant **HARWOOD** knowingly and willfully caused the filing of false and fraudulent federal tax returns, which he signed under the penalty of perjury, by failing to report more than $1,150,000 in income and failing to pay more than $350,000 in taxes due and owing. The estimated tax due and owing for years 2008, 2009 and 2010 is $81,596, $163,040, $107,634, respectively, plus interest and penalties.

6.  On or about April 15, 2010, in the Central District of Illinois and elsewhere, the defendant,

**GREGG HARWOOD,**

did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2009, which return was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported total income of $104,031, as reported on line 22, when, as he then and there well knew, he received additional income that Defendant **HARWOOD** failed to include on line 22, or report elsewhere on the return.

All in violation of Title 26, United States Code, Section 7206(1).

s/Tim Bass

JOHN E. CHILDRESS
UNITED STATES ATTORNEY/TB